## MILES H. CONRAD *vs.* JOHN BITROFF.

When a Justice of the Peace adjourns a case before him after the first adjournment, on the application of the Plaintiff, without cause shown, the defendant not being present or consenting thereto, the Justice thereby looses jurisdiction, as the case is thereby discontinued and all fur her proceedings had therein are *coram non-judice*, and a judgment rendered thereafter being utterly void can be impeached in any collateral suit or proceeding.

*Wayne Circuit, July,* 1870.

This action was trespass *de bonis asportatis*, commenced before a Justice of the Peace, for the unlawful taking and selling of a buggy. The case was appealed to the Wayne Circuit Court, and tried by a jury.

On the trial of said cause the counsel for plaintiff gave evidence tending to prove that one Augustus Schuferdt, by the direction of the defendant, took and sold the buggy in question against the will of the plaintiff. The defendant gave evidence tending to prove that said Augustus Schuferdt was a Constable and that he seized and levied upon the buggy in question by virtue of an execution issued upon a judgment rendered in another suit in favor of Bitroff against Conrad in a Justice's Court.

The plaintiff gave rebutting testimony, showing that before said judgment on which said execution was issued, was rendered, the Justice adjourned said cause on the application of Bitroff, plaintiff therein, without cause shown, in the absence and without the consent of the defendant.

This was shown by the parol testimony of the justice and his docket, under objection.

CONRAD v. BITROFF.

*Ward & Palmer*, for Plaintiff, cited 9th *Mich.*, 264—268, 1 *Doug.* (Mich.) 390, and several other cases.

*George H. Prentis*, for Defendant, cited 6 *Barb.* 621, and other cases.

In submitting the cause to the jury, the counsel for the plaintiff requested the Court to charge the jury among other things,

1st. That the cause of John Bitroff *vs.* Miles H. Conrad being adjourned, after the first adjournment from August 20th to August 24th, 1869, on application of the plaintiff therein, without cause shown, the defendant not being present or consenting to said adjournment, such adjournment was a discontinuance of said cause and all proceedings in said suit thereafter were illegal, and the execution issued thereunder void.

2d. That any matter attacking the jurisdiction of a Justice's Court can be taken advantage of in the suit in which the matter is raised, or in any other suit.

The jury returnd a verdict in favor of the defendant, and the plaintiff made a motion for a new trial, on the suggestion of the Court that the law points might be more fully discussed.

On the argument of the motion for a new trial, it was conceded by the counsel for defendant, that the irregular adjournment was a discontinuance of the cause, but that the proceedings thereafter in the cause could only be set aside on *certiorari*.

*By the Court*, PATCHIN, J.—It is conceded that the judgment on which the execution in question was issued was invalid because of the irregular adjournment, but it was claimed by the counsel for defendant that the judgment could not be attacked collaterally, and I so held in the trial before the jury.

The case in 1 *Douglass*, I think settles the question conclusively, that when the justice has not jurisdiction to render the judgment it may be attacked collatterally. Therefore the refusal to charge the jury as requested was wrong, and the motion for a new trial must be granted.